LOTTIE JARVIS, ADMINISTRATRIX, ETC., OF THE ESTATE
OF HENRY L. JARVIS, DECEASED, PLAINTIFF, v. BRA-
ZIL JOHNSON, DEFENDANT.

**Negligence—Death Act—Objection of Defendant that There
Was No Cause of Action, Since Under Death Act Action
Must Be Brought by Administrator ad Prosequendum—
Plaintiff Having Brought Suit As Administrator, &c., Ob-
tained Letters ad Prosequendum the Same Day of Coming
Suit, and Asked to Amend Complaint—Held, that the Fact
that Plaintiff Was In Fact Administrator ad Prosequendum,
Entitles Her to Maintain Suit, Having So Qualified Retires
the Statutory Period of Two Years' Limitation.**

On action at law.   On motion to amend complaint.

For the motion, *Charles E. Cook* and *Thomas Herbert
Brown.*

*Contra, Edwards & Smith.*

The opinion of the court was delivered by

JESS, J.   This suit was brought to recover damages for the
death of the plaintiff's intestate.   The decedent, Henry L.
Jarvis, same to his death as the result of an accident hap-
pening to the automobile of the defendant in which Jarvis
was riding.   The accident occurred on February 1st, 1923.
The summons in the suit was tested on June 12th, 1923.

The complaint sets forth that the suit is brought by Lottie
Jarvis, "administratrix, &c., of the estate of Henry L. Jarvis,
deceased." .

The defendant, Brazil Johnson, filed an answer in which
he gave notice that he would object at the trial that the com-
plaint failed to set forth a cause of action.

The cause came on for trial at the April term, whereupon,
relying upon the notice given in his answer, defendant moved
for a nonsuit on the ground that under the provisions of the
Death act (2 *Comp. Stat., p.* 1907), as supplemented by the

act of 1917 (*Pamph. L.* 1917, *p.* 531), the action was maintained only by an administrator or administratrix *ad prosequendum.*

The fact is that the plaintiff is administratrix *ad prosequendum* of the deceased, letters having been granted to her in that capacity by the surrogate of Monmouth county on June 12th, 1923.

Plaintiff now seeks to meet the objection on which the motion to nonsuit is based by amending her complaint so that it will explicitly appear on the face thereof that she sues as administratrix *ad prosequendum.* Assuming that the character in which she sues must be set out in her complaint, the pleading is defective in that respect. The question is whether an amendment now is permissible under the circumstances of this case. I think it is.

This is not a situation where the suit was brought by one not possessing the requisite statutory qualification. The plaintiff is the administratrix *ad prosequendum.* If she were not, she, of course, could not maintain this suit. Nor could she now acquire a status to proceed with the action for the reason that the two years' limitation within which such an action may be brought under the Death act has expired. But her right to sue was acquired when she qualified as administratrix *ad prosequendum* and her suit was commenced within statutory time. She did not lose the right to continue the suit because of her failure to set out with complete phraseological accuracy in her complaint the character in which she sued. The amendment which she seeks to make would not create and institute a new suit, with a new question and in a controversy between different parties. Neither will it in anywise prejudice the defendant in his defenses. The amendment will simply set forth the capacity in which the plaintiff sues in accordance with the fact as it existed at the time the suit was instituted, and which fact is stated, not inaccurately, but merely inadequately, in the complaint as it stands. I can conceive of no case which would come more clearly than this within the contemplation of the liberal provisions of our Practice act as to amendments of pleadings.

I have not reached this conclusion without careful consideration of the cases cited by counsel in opposition to the motion.

The complaint may be amended as herein indicated.